UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JUSTIN MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:10-CV-186 |
| ) | *Collier/Carter* |
| MORRISTOWN \HAMBLEN \ CO. JAIL. ) | |
| and ROOKIE INMAN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This *pro se* prisoner, who is confined in the Hamblen County jail in Morristown, Tennessee, has filed a civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983. The Defendants are the facility itself and Jail Captain Rookie Inman.

### **I. The Filing Fee.**

Plaintiff has submitted an application to proceed without prepayment of the filing fee, which is **GRANTED**, (Court File No. 1). Because a prisoner such as Plaintiff, regardless of his financial situation, must pay the filing fee, even if it must be collected in increments, Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income credited to the account, but only when the amount

in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2). Payments should be mailed to: Clerk's Office, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

To ensure compliance with the assessment procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the Hamblen County jail.

## II. Plaintiff's Allegations.

Plaintiff states his claim in its entirety as follows:

Not allowed to a law library

no recreation

I am also in fear of my life[.] I was told I would be killed if I said anything[.] I need your help please[.] ASAP

(Court File No. 2, Compl. at ¶4). Plaintiff requests damages for his mental anguish and a transfer to a facility which is not over crowded, unlike the Hamblen County jail.

## III. Screening.

The Court must now screen the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). In performing this task, however, the Court recognizes that *pro se* pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even so, the complaint must be sufficient "to state a claim to relief

that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

**IV. Discussion**.

*A. Claims Against the Hamblen County Jail*

The first Defendant named in the complaint is the Hamblen County jail. The Hamblen County jail is a building–not a suable entity under § 1983. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 688-90 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, **1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Therefore, Plaintiff has failed to state a claim against this Defendant.

*B. Claims Against Defendant Rookie Inman*

Plaintiff has made no allegations whatsoever against Defendant Inman. If it fairly can be inferred that Plaintiff is attempting to hold Defendant Inman liable for the conditions in the jail on the basis that he supervises the employees in the facility and, ultimately, is responsible for operating the jail properly, any such a claim is a non-starter. A claim predicated on respondeat superior, which arises "'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm," *Santiago v. Warminster Tp.*, 629 F.3d 121, 128-129 (3d Cir. 2010) (quoting *Monell*, 436 U.S. at 692), cannot succeed because respondeat

3

superior is not a valid theory for recovery under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 691; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

A supervisor, however, can incur liability under § 1983 where a plaintiff shows "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Taylor v. Michigan Dept. of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy*, 729 F.2d at 421). Here, there has been no showing that Defendant Inman committed any actual acts or had actual knowledge of the deprivations alleged in the complaint. Thus, Plaintiff has failed to state a viable claim against Defendant Inman based on either respondeat superior or supervisory liability.

*C. Factually-Deficient Claims*

Generous construction of *pro se* complaints is not endless; indeed, a court need not assume or conjure up claims which a *pro se* litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). As can be seen by the verbatim recounting of the allegations Plaintiff has made in his complaint, he has not fleshed out a single claim with contentions of fact. For example, Plaintiff has failed to provide any circumstances surrounding the purported denial of access to the law library or to recreation nor has he described the events which have placed him in fear for his life. No dates have been provided as to when these denials occurred or the length of time to which he was exposed to the supposed unlawful conditions of confinement. Put simply, Plaintiff's bald, factually-undeveloped allegations fail to state a claim entitling him to relief under § 1983. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Smith v. Rose*, 760 F.3d 102, 106 (6th Cir. 1985). Indeed, a Court should not deem that a plaintiff would be able to show facts not alleged or

4

that a defendant has violated the law in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.), *cert. denied*, 519 U.S. 1008 (1996).

*D. Damages for Emotional Harm*

Plaintiff has not alleged a physical injury and, absent such a contention, he cannot recover monetary damages for the mental anguish he claims to have suffered. *See* 42 U.S.C. § 1997e(e) (A prisoner must show prior physical injury to advance a claim for mental or emotional damages.).

**V. Conclusion**.

Because Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1982, this lawsuit will be **DISMISSED** by separate order.

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**